# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Michael John Nicasio** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number:  **1:07CR00285-001JB**<br>USM Number: **40285-051**<br>Defense Attorney: **Kari Converse, Appointed** |

THE DEFENDANT:

☒  admitted guilt to violations of condition(s)  **MC, SC, Special**  of the term of supervision.
☐  was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | MC - The defendant failed to refrain from any unlawful use of a controlled substance. The defendant failed to submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the Court. | 02/10/2012 |

The defendant is sentenced as provided in pages 1 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **0676**<br>Last Four Digits of Defendant's Soc. Sec. No. | **June 15, 2012**<br>Date of Imposition of Judgment |
| **1980**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Albuquerque, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **August 27, 2012**<br>Date Signed |

AO 245D (Rev. 12/10) Sheet 1 Judgment in a Criminal Case for Revocations Sheet 1A                                                                                                   Judgment Page 2 of 4

Defendant: **Michael John Nicasio**
Case Number: **1:07CR00285-001JB**

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | SC - The defendant failed to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | 03/30/2012 |
| 3 | Special - The defendant failed to participate in and successfully complete an outpatient substance abuse treatment program, as approved by the probation officer, which may include testing. The defendant obstructed or attempted to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. | 03/27/2012 |

Defendant: **Michael John Nicasio**
Case Number: **1:07CR00285-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **7 months**.

**A term of supervised release is not reimposed.**

**On February 7, 2008, the Honorable James A. Parker, Senior United States District Judge, sentenced Defendant Michael John Nicasio to a sentence of 30 months for violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being a felon in possession of a firearm and ammunition. See Judgment in a Criminal Case at 1-2, filed February 8, 2008 (Doc. 26)("Judgment"). Judge Parker imposed a term of three-years supervised release. See Judgment at 3. One of the mandatory conditions of supervised release with which Nicasio had to comply was as follows: "The defendant shall not commit another federal, state, or local crime." Judgment at 3. Another mandatory condition of supervised release was as follows: "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter." Judgment at 3. Judge Parker also imposed a standard condition of supervised release: "The defendant shall notify the probation officer within seventy-two hours of being arrested and questioned by a law enforcement officer." Judgment at 3. As a special condition of supervised release, Judge Parker required: "The defendant must participate in and successfully complete an outpatient substance abuse program, as approved by the probation officer, which may include testing." Judgment at 4. On April 4, 2012, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Nicasio had violated these conditions. See Doc. 66, at 1-2 ("Petition"). It asserted that Nicasio had violated the above conditions because: (i) on March 30, 2012, he was arrested and charged, in state court, with Possession of a Controlled Substance (Heroin) -- a felony; (ii) on February 10, 2012, he tested positive for amphetamines in a urine sample and admitted that he used methamphetamine; (iii) he failed to report his arrest for heroin possession to the USPO within seventy-two hours; and (iv) he failed to attend substance abuse counseling on February 6, 2012 and on March 27, 2012 and failed to submit urine samples for drug testing on February 20, 2012 and on March 26, 2012. See Petition at 2.**

**At the revocation hearing on June 15, 2012, the parties agreed that the Court should revoke Nicasio`s term of supervised release. Nicasio admitted to violation 2, 3, and 4 -- use of an illegal substance, failure to notice the USPO of an arrest, and failure to comply with the substance abuse program requirements. The Court dismissed the first violation. Because Nicasio has violated conditions of his supervised release, his violations are Grade C violations pursuant to U.S.S.G. § 7B1.1(a)(3). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Nicasio`s criminal history category is the criminal history category he had at the time of his original sentence to a term of supervision, which is a criminal history category of VI. A Grade C violation and a criminal history category of VI yields a guideline imprisonment range of 8 to 14 months.**

**The Court finds that Nicasio violated his conditions of supervision by: (i) testing positive and admitting to illegal drug use; (ii) failing to participate in a treatment program that included drug testing; and (iii) failing to report law enforcement contact within seventy-two hours. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Nicasio`s violations. The Court then considered the kinds of sentencing ranges established by the guidelines, and the Court concludes that a sentence of 7 months is sufficient to reflect the seriousness of the violations.**

**A sentence of 7-months imprisonment is only slightly below the guideline range. The Court notes that Nicasio has an extensive history of substance abuse, and has returned to using illegal drugs after repeated efforts to assist him through Court intervention and treatment programs. Nicasio faces pending state charges related to his heroin possession and he will face a lengthier sentence in that court, which will likely take this sentence into account. Nicasio`s wife is pregnant and Nicasio asked that the Court impose a sentence of 7 months, so that the lengthier sentence would be in state court where he would be closer to his family. The Court believes that this sentence is adequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public, because the Court is varying only one month and because Nicasio faces state charges related to this conduct. Although this sentence is a little below the guideline range, the Court finds that it will avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The variance is slight, and Nicasio faces further punishment in state court. Nicasio has served 17-months incarceration on previous**

revocations of supervised release. In addition to this sentence, Nicasio will have spent 24 months incarcerated for violations of supervised release -- the statutory maximum for any given term of imprisonment for a Class C violation of supervised release. See 18 U.S.C. § 3583(e)(3). Supervised release was revoked: (i) on May 5, 2010, and Nicasio was sentenced to 8-months imprisonment; and (ii) on March 11, 2011 and Nicasio was sentenced to 9-months imprisonment. The Court believes that it is time to bring Nicasio`s term of supervised release to an end. Nicasio has not been successful on supervised release and the Court does not believe it can emphasize the factors of education, training, and care to try to prevent his drug abuse. The Court will not reimpose supervised release.

A sentence of 7 months fully and effectively reflects the 18 U.S.C. § 3553(a) factors. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Nicasio to 7-months imprisonment.

☒ The court makes these recommendations to the Bureau of Prisons:

**The Court recommends Defendant remain at the Santa Fe County Detention Center, Santa Fe, New Mexico, if eligible; alternatively, the Court recommends La Tuna Federal Correctional Institution, Anthony, New Mexico or Tucson Federal Correctional Institution, Tucson, Arizona, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL